**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 19 B 01022 |
| | ) | |
| MARY REYNOLDS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |

**OBJECTION OF AMERICREDIT FINANCIAL SERVICES, INC.,
D/B/A GM FINANCIAL TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 13 PLAN**

AMERICREDIT FINANCIAL SERVICES, INC., D/B/A GM FINANCIAL ("AmeriCredit"), a creditor herein, by its attorneys, the law firm of Sorman & Frankel, Ltd., pursuant to Sections 1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) (West 2019), and such other Sections and Rules as may apply, for its Objection to Confirmation of Debtor's proposed Chapter 13 Plan, respectfully states as follows:

1. On January 14, 2019, Mary Reynolds ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code and proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on March 4, 2019.

2. AmeriCredit is a creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2017 Chevrolet Cruze motor vehicle bearing a Vehicle Identification Number of 1G1BC5SM8H7170499 (the "Vehicle"). (See Ex. "A"). Debtor purchased the Vehicle on March 3, 2017, *i.e.* less than 910 days prior to the commencement of these proceedings.

3. As set forth in the Retail Installment Contract attached as Exhibit "A", Debtor was required to tender equal monthly payments to AmeriCredit, each in the sum of $422.86 with an interest rate of 12.90%. (See Ex. "A").

4. As of the date of the commencement of these proceedings, Debtor's account with AmeriCredit was in default in the amount of $844.14.

5. Debtor has not provided AmeriCredit or its counsel with proof of a valid full coverage insurance policy for the Vehicle identifying AmeriCredit as the lienholder/loss payee to protect AmeriCredit's interest in the Vehicle from loss or destruction.

6. There remains a total outstanding balance due to AmeriCredit from Debtor in the sum of $18,392.27.

7. Debtor received a Chapter 7 discharge on February 17, 2016 and is not entitled to a discharge in the instant case.

8. Debtor's Plan identifies AmeriCredit as a secured creditor in Section 3.3. AmeriCredit objects to the treatment proposed in the Plan as follows:

    A. AmeriCredit's claim is a secured claim excluded from 11 U.S.C. §506 as an "under 910" vehicle.

    B. Debtor identifies the total amount of AmeriCredit's claim as $18,393.00;

    C. Debtor proposes to pay the foregoing at an interest rate of 7.50%. Debtor's Plan fails to provide payments to AmeriCredit for the present value of its claim because the Plan does not provide for adequate interest payments. As mandated by the United States Supreme Court in <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465 (2004), this Court must determine the appropriate rate of interest to be paid to AmeriCredit in the Plan by providing AmeriCredit with a "risk adjustment" sufficient to compensate it for the added risk of the debtor having commenced bankruptcy proceedings. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition has presumptively deteriorated since the purchase of the Vehicle and resulting in the commencement of

these proceedings, clearly show that Debtor could not obtain financing at a rate lower than the interest rate provided in the Contract. As such, AmeriCredit asserts that it is entitled to be paid on its claim at the Contract rate of interest, *i.e.*, 12.90%;

D. Debtor provides for pre-confirmation adequate protection payments of only $183.00 and for set monthly payments of only $429.00. However, in order to comply with 11 U.S.C. § 1325(a)(5)(B)(iii), Debtor is required to propose a Plan that provides equal, fixed monthly payments to AmeriCredit in a manner sufficient to satisfy its secured claim, *i.e.* $618.82 per month, as calculated by a secured claim of $18,392.27 with an interest rate of 12.90% amortized over 36 months. (<u>See</u> Ex. "B").

9. In addition to the foregoing, AmeriCredit objects to the treatment proposed in Section 3.3 the Plan as follows:

A. Based on the inaccurate information provided by Debtor therein, the plan, as proposed, is not feasible;

B. Debtor's Plan does not protect AmeriCredit's right to retain its lien on the Vehicle. As such, AmeriCredit requests that language be added to Section 8 of the Plan stating that AmeriCredit shall retain its lien until the earlier of payment of the underlying debt in full as determined under nonbankruptcy law or discharge pursuant to 11 U.S.C. §1328;

10. For the reasons stated above, Debtor's Plan fails to comply with the applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible and provide AmeriCredit adequate protection.

**WHEREFORE**, AmeriCredit Financial Services, Inc., d/b/a GM Financial respectfully requests that this Court enter an Order, as denying Debtor's request for confirmation of the Plan; and, for such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

AMERICREDIT FINANCIAL SERVICES, INC.,
D/B/A GM FINANCIAL,
Creditor,

By: ___/s/ Cari A. Kauffman___
One of its attorneys

David J. Frankel (Ill. #6237097)
Cari A. Kauffman (Ill. #6301778)
Sorman & Frankel, Ltd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 332-3535
(312) 332-3545 (facsimile)